UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-60029-CR-GAYLES

UNITED STATES OF AMERICA,

v.

KERVENS GEORGES,

        Defendant.
_____/

REPORT & RECOMMENDATION RECOMMENDING GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO RETURN SEIZED PROPERTY

THIS MATTER comes before the Court on Defendant Kervens Georges' *pro se* Motion to Return Seized Property ("Motion"). (DE 72). This motion has been referred to me by the District Court to take all necessary and proper action as required by law. (DE 73). I have reviewed the Motion, the Government's initial Response (DE 75), the Government's Amended Response (DE 77), and Defendant's Reply (DE 78). Having reviewed all of the aforementioned filings and the record, I RECOMMEND that Motion be GRANTED IN PART as to one item (a rose-colored iPhone 6S, the return of which the Government does not oppose) and DENIED as to the other property sought.

    **I.**    **BACKGROUND**

On June 7, 2018, Defendant pled guilty to one count of possession of fifteen or more unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3), and one count of aggravated identify theft, in violation 18 U.S.C. § 1028A(a)(1). (DE 31). Pursuant to Federal Rule of Criminal Procedure 41(g), Defendant's Motion seeks return of certain property seized pursuant to a search warrant on November 8, 2016. (Motion at 1-2). Specifically, Defendant seeks return of the following:

1. One (l) Breitling watch;
2. One (1) Black Gucci watch;
3. One (1) Movado watch;
4. One (1) pair Christian Dior Red Sneakers;
5. One (1) pair Louis Vuitton Brown Loafers;
6. One (1) pair Giuseppe Zanotti Design Leopard Print Sneakers;
7. One (1) pair Fendi Boots;
8. One (1) pair Christian Louboutin White Sneakers, BIP BIP Flat Calf;
9. One (1) pair Christian Louboutin White and Grey Spiked Loafer, CLUSD
10. One (1) pair Christian Louboutin Yellow Spiked Sneakers, LOUIS FLAT SUEDE/SPIKES;
11. One (1) pair Christian Louboutin Black Spiked Sneakers, LOUIS FLAT CALF/SPIKES;
12. One (1) pair Christian Louboutin Python Sneakers, LOUIS FLAT PYTHON CRYSTAL;
13. One (1) pair Christian Louboutin Blue Spiked Sneakers, LOUIS FLAT CALF P/SPIKES;
14. One (1) iPhone 6;
15. One (1) HP lap top;
16. One (1) Samsung 65" SUHD Television;
17. One (1) Samsung Television; and
18. Seven Hundred (700) Dollars in United States Currency.

(DE 72-1). Defendant's Motion asserts that the listed property is neither contraband, nor subject to forfeiture, nor needed as evidence. (Motion at 3). The Government argues that the Court has already entered a Final Order of Forfeiture as to all but two of the listed items (items 1-13 and 16-18 in the above list).

As to the HP laptop, the Government's Amended Response asserts that it returned the only HP laptop[1] seized in the case to Aetna in December 2017, after determining that the device belonged to Aetna and contained no contraband. (DE 77 at 3). This assertion is supported by evidence in the form of a declaration made under penalty of perjury by FBI Special Agent Erin Leaser (DE 77-1 at ¶¶ 5-7) and a receipt of property documenting the release of the device to Aetna. (DE 77-2). As to the iPhone 6, the Government acknowledges that it seized two devices within the iPhone 6 line of devices, a rose iPhone 6S, Model A1633, and a gold iPhone 6+, Model

---

[1] The Government notes that it did also seize an HP *desktop* computer, which remains in FBI custody. (DE 77 at fn. 2). However, as the Government also notes, Defendant's Motion does not seek return of an HP desktop.

A1522, with a black case. (DE 77 at 4). The Government asserts that it returned the gold iPhone 6+ to Defendant's then-attorney in November 2017, again supported by Special Agent Leaser's Declaration and a property receipt. (DE 77 at 4; DE 77-1 at ¶ 9; DE 77-3). The Government's Amended Response clarifies[2] that the FBI still has custody of the rose iPhone 6S but "does not oppose returning the rose iPhone 6S, Model A1633 to Defendant." (DE 77 at 5). The Government also argues that, because Defendant has a pending Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255, the Government needs to retain all items of evidentiary value. *Id*.

Defendant's Reply appears to acknowledge that the HP laptop was returned "to his wife's prior employer" (presumably Aetna). (DE 78 at 1). It also clarifies that the iPhone 6S sought in the Motion is the "Rose Gold Iphone 6S and charger." *Id*. The Reply also contends that there are additional items, not mentioned in or sought by the Motion, which the Government still has in custody (two Dell laptops, an iPad, a Macbook, and a Canon camera). *Id*. The Reply further contests the Government's argument that Defendant's pending habeas petition justifies not returning the property he seeks, contending that such property is not evidence necessary to prove his guilt. *Id*. at 1-2.

## II. LEGAL STANDARD

Rule 41(g) states that

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion.

Rule 41(g) provides a mechanism by which an individual may recover property that the government has taken as evidence. However, Rule 41(g) cannot be used to recover property that

---

[2] The Government's initial Response had indicated that it no longer possessed any iPhone 6 relating to the case. (DE 75 at 2).

has been forfeited to the government through a criminal order of forfeiture. *United States v. Guerra*, 426 F. App'x 694, 697 (11th Cir. 2011) (citing *Young v. United States*, 489 F.3d 313, 315 (7th Cir.2007)); *United States v. Jean*, 19-cr-60191-UU, 2020 WL 5098033, *1 (S.D. Fla. May 7, 2020) (*report and recommendation adopted by* 2020 WL 5096918 (S.D. Fla. Aug. 28, 2020)). *See also United States v. Watkins,* 120 F.3d 254, 255 (11th Cir.1997) (Rule 41(g) inapplicable to property forfeited through civil forfeiture proceedings); *United States v. Eubanks,* 169 F.3d 672, 674 (11th Cir.1999) (same). Indeed, a court does not even have jurisdiction to consider a Rule 41(g) motion seeking return of property that has been included in a criminal final order of forfeiture. *Young*, 489 F.3d at 315; *United States v. Bernard*, 537 F. App'x 72, 74 (3d Cir. 2013). That is because "a criminal forfeiture is part of the defendant's sentence and must be challenged on direct appeal or not at all." *Young*, 489 F.3d at 315.

To the extent a Rule 41(g) motion seeks return of property that has not been forfeited after the close of criminal proceedings, the court must treat the motion as a civil action in equity. *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005). The government is not obligated to return property that it never possessed or no longer possesses, but it must provide some evidentiary support for its claim that it does not possess the property at issue. *See United States v. Davis*, 789 F. App'x 105, 109 (11th Cir. 2019) (citing *United States v. Potes Ramirez*, 260 F.3d 1310, 1314 (11th Cir. 2001)). Equitable relief may be available if the property at issue has been lost or destroyed; however, money damages are not available under Rule 41(g). *Id* (citing *Potes Ramirez*, 260 F.3d at 1315–16).

### III.   ANALYSIS

The Motion must be denied as to items 1-13 and 16-18 because they have already been forfeited through a Final Order of Forfeiture. As described above, Rule 41(g) cannot be used to

recover property that has been forfeited to the government through such an order. *Guerra*, 426 F. App'x at 697. Items 1-13 and 16-18 match exactly the items listed in the Court's Final Order of Forfeiture. (DE 44 at 2-3).[3] Therefore, the Motion must be denied as to these items.

As to the HP laptop (item 15), no relief is warranted. The Government has substantiated its claim that the HP laptop was returned to a third party and is no longer in the Government's possession. (DE 77-1 at ¶¶ 5-7); (DE 77-2). Defendant appears to acknowledge this fact; at the very least, he does not present any evidence to dispute it. Therefore, I find that the HP laptop is not in the Government's possession and that the Government is, therefore, not obligated to return it. Moreover, Defendant has neither sought nor suggested any other equitable remedy, to the extent one would be available or warranted. Therefore, the Motion must be denied as to item 15.

As to the rose (or rose gold) iPhone 6S, Model A1633 (item 14), the Government has indicated that it does not oppose returning it to a person specified by Defendant. (DE 77 at 5). Defendant's Reply requests that property be returned to his wife, Betty Georges, and provides a telephone number for her. (DE 78 at 2). Given the Government's non-opposition regarding item 14, the Motion should be granted as to item 14, and the Government should be ordered to arrange for its return to Ms. Georges.

Given the foregoing analysis, the Court need not reach the question of whether other items in the Government's possession remain of evidentiary value or must be retained in light of Defendant's pending habeas petition. To the extent Defendant references additional items in his Reply that were not sought in his Motion, his Motion cannot afford any relief.

---

[3] Notably, Defendant agreed to forfeit these same items as part of his plea agreement. (DE 32 at ¶ 10). To the extent Defendant now claims that he relied on counsel's advice about what property was subject to forfeiture and may have contested forfeiture of his "personal items" (DE 78 at p. 3), the Court lacks jurisdiction to consider any such argument on a Rule 41(g) motion. *Young*, 489 F.3d at 315.

For the foregoing reasons, I respectfully **RECOMMEND** that the Motion (DE 72) be **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The Motion should be **DENIED** as to items 1-13 and 15-18 listed above;

2. The Motion should be **GRANTED** as to the rose (or rose gold) iPhone 6S, Model A1633 (item 14 listed above); and

3. The Government should be directed to return the rose (or rose gold) iPhone 6S, Model A1633 (item 14 listed above) to Defendant's wife, Betty Georges.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Darrin P. Gayles, United States District Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall barthe parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 10th day of August 2021.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge

Copies to:

Kervens Georges
Register Number: 17125-104
Gites W. Dalby Correctional Facility
805 North Avenue F
Post, Texas 79356

Daya Nathan
Assistant United States Attorney