UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-CR-60029-GAYLES

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**KERVENS GEORGES**,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

**THIS CAUSE** comes before the Court on Defendant's Motion for Compassionate Release (the "Motion") [ECF No. 65]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the following reasons, Defendant's Motion is granted.

**I.     BACKGROUND**

Defendant is a 40-year-old male incarcerated at Fort Worth FMC in Fort Worth, Texas, with a projected release date of May 12, 2023.[1] On December 18, 2018, United States District Judge William J. Zloch sentenced Defendant to a 70-month term of imprisonment and a 3-year term of supervised release for possession of 15 or more unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).[2] [ECF No. 51]. Defendant also has a detainer with U.S. Immigration and Customs Enforcement ("ICE"). [ECF No. 65-1 at 9]. Upon completion of his sentence, Defendant will be transferred to

---

[1] When Defendant filed this Motion, he was housed at Giles W. Dalby CI. The Court's review of the Bureau of Prison's Inmate Locator indicates that Defendant is now housed at Fort Worth FMC.
[2] The Court also ordered Defendant to pay a $200 special assessment and $1,093,404.90 in restitution. [ECF No. 51].

1

an Immigration Detention Center where it will be determined whether or not Defendant will be removed to his country of origin. *Id.*

On January 18, 2021, Defendant applied to the Warden of Giles W. Dalby CI for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on COVID-19. [ECF No. 65-1 at 2–7]. On January 26, 2021, the Warden denied his request. *Id.* at 9. Defendant subsequently filed the instant Motion, pursuant to 18 U.S.C. § 3582(c)(1)(A), asking the Court to grant him compassionate release, reduce his sentence to time served, and transfer him into ICE custody. Defendant alleges that, because of the recent COVID-19 pandemic, his health conditions place him at a high risk of serious injury or death should he contract COVID-19.

## II. LEGAL STANDARD

A court has limited authority to modify a sentence of imprisonment. *United States v. Burkes*, No. 9:18-CR-80113, 2020 WL 2308315, at *1 (S.D. Fla. May 8, 2020) (citing *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010)). Under 18 U.S.C. § 3582, as modified by the First Step Act of 2018, courts may reduce a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A) (2018); *see generally* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. If the defendant satisfies those administrative requirements and the factors outlined in 18 U.S.C. § 3553(a) support release, courts must then find that "extraordinary and compelling reasons warrant such a reduction . . . consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* 18 U.S.C. § 3553(a) (2018). Courts must also find that the defendant is "not a danger to the safety of any other person or to the

community . . . ." U.S. Sentencing Guidelines Manual § 1B1.13(2) (U.S. Sentencing Comm'n 2018).

Thus, in order to grant the Motion, the Court must make specific findings that: (1) the § 3553(a) factors support Defendant's compassionate release; (2) extraordinary and compelling reasons warrant Defendant's request; and (3) Defendant is not a danger to the safety of other persons or the community. The burden lies with Defendant to establish that his request is warranted. *See United States v. Hylander*, No. 18-CR-60017-BB, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020) (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).

### III. DISCUSSION

It is undisputed that Defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement. [ECF No. 66 at 1]. The Government also concedes that Defendant "presented extraordinary and compelling circumstances." *Id.* at 8. Accordingly, the Court must determine whether Defendant satisfies the § 3553(a) factors and is a danger to the community.

#### A. Section 3553(a) Factors and Danger to the Community

Section 3553(a) requires a court to "impose a sentence sufficient, but not greater than necessary . . . ." 18 U.S.C. § 3553(a). The Court must consider: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed" to "reflect the seriousness of the offense," "afford adequate deterrence," and "protect the public;" (3) "the kinds of sentences available;" (4) "the sentencing range;" (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities;" and (7) "the need to provide restitution to any victims . . . ." *Id.* The Court must also determine whether Defendant poses "a danger to the safety of any other person or to the community . . . ." U.S. Sentencing Guidelines Manual § 1B1.13(2). In so doing, the Court considers: (1) "the nature and circumstances of the

offense charged;" (2) "the weight of the evidence against" Defendant; (3) "the history and characteristics of" Defendant; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by [Defendant's] release." *See* 18 U.S.C. § 3142(g).

The Court finds that the § 3553(a) factors support Defendant's release and that Defendant is not a danger to the community. The Government argues that reducing Defendant's sentence would not serve as an adequate deterrence because Defendant initially misrepresented his immigration status to pretrial services, showing disrespect for the law.[3] Without understating the gravity of making misrepresentations to the Court, this is not a sufficient basis to deny compassionate release. Furthermore, the Government does not allege that Defendant presents a danger to the community.

Defendant pled guilty to possession of 15 or more unauthorized access devices and aggravated identity theft. While the Court does not undermine the seriousness of Defendant's crimes, it notes that these were non-violent offenses. Prior to this conviction, Defendant had no adult felony convictions. [ECF No. 47, ¶ 38]. And the Government acknowledges that Defendant has not had any disciplinary infractions while incarcerated. [ECF No. 66 at 3]. Moreover, Defendant has served nearly 4 years of his 70-month sentence. These factors support Defendant's release. *See United States v. Randall*, No. 17-CR-60178, 2020 WL 6392845, at *7 (S.D. Fla. Nov. 2, 2020) ("Defendant . . . no longer poses a danger to the safety of the community due to his exemplary disciplinary record while in custody and his significant rehabilitative efforts."); *United States v. Burkes*, 9:18-CR-80113, 2020 WL 6481984, at *3 (S.D. Fla. Oct. 21, 2020) (finding that factors, such as that Defendant had served 58% of his sentence and had no disciplinary reports while incarcerated, weigh heavily in favor of release). That Defendant, upon release, will be in

---

[3] Prior to his initial appearance, Defendant stated to pretrial services that he was born in St. Croix, United States Virgin Islands, but immigration records revealed he was born in Nassau, Bahamas. [ECF No. 66 at 2–3].

4

ICE's custody for removal proceedings also favors release. *See United States v. Camacho-Duque*, No. 18-CR-80238, 2020 WL 5951340, at *6 (S.D. Fla. Oct. 5, 2020) (finding that the defendant's risk of recidivating is "perhaps non-existent" because she would be transferred to ICE custody). Requiring Defendant to serve the remaining 11 months of his 70-month term of imprisonment while COVID-19 threatens his health would exceed the sentence necessary to "reflect the seriousness of the offense" and "promote a respect for the law . . . ." *See* § 3553(a)(2)(A). Rather, reducing Defendant's sentence to time served to be followed by three-years of supervised release is "sufficient, but not greater than necessary . . . ." 18 U.S.C. § 3553(a). Therefore, the Court finds that the § 3553(a) factors support Defendant's release and he is not a danger to the community.

### IV. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Defendant's Motion for Compassionate Release, [ECF No. 65], is **GRANTED**.

2. The United States Marshal Service and/or the United States Bureau of Prisons shall promptly release Defendant from custody, subject to any outstanding warrants or an immigration hold.

3. Defendant's sentence shall be amended to time served, followed by his three-year term of supervised release, effective the date of this Order.

4. Simultaneously herewith, the Court will enter an Amended Judgment imposing a sentence of "time served" and converting the remaining term of incarceration into a three-year term of supervised release.

5. The special conditions of Defendant's supervised release, as detailed in his original Judgment, include: Surrendering to Immigration for Removal after Imprisonment.

6. Defendant shall be transferred to the custody of the U.S. Immigration and Customs Enforcement for removal proceedings consistent with the Immigration and Nationality Act. If removed, Defendant shall not reenter the United States without the prior written permission of the Undersecretary for Border and Transportation Security. The term of supervised release shall be non-reporting while Defendant is residing outside the United States. If Defendant reenters the United States within the term of supervised release, Defendant is to report to the nearest U.S. Probation Office within 72 hours of Defendant's arrival.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of June, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE